May Term,
1846.

TAYLOR and Others *v.* SANFORD and Another.

TAYLOR
*v.*
SANFORD.

An entry of bail for the stay of execution, made after the judgment has ceased to be repleviable, cannot stand as a judgment, or be the foundation of an execution.

ERROR to the *Elkhart* Circuit Court.

Monday,
July 20.

DEWEY, J.—Motion to set aside an execution, levy, and sale. Motion granted. The facts were as follows: On the 29th of *September,* 1840, *Taylor, Freeman,* and *Co.,* recovered a judgment in the Circuit Court against *G. N. Martin* for 517 dollars and 92 cents in debt. On the first day of *November,* 1841, an arrangement was made between the parties to the judgment, *C. Martin,* and *Sanford,* in consequence of which the two latter, under their hands and seals, made the following entry on the order-book of the Circuit Court, in vacation, in the presence of the clerk and immediately under the judgment, viz., "We, the undersigned, hereby acknowledge ourselves replevin-bail and security for the payment of the above judgment and interest in manner following, to wit, one hundred dollars within sixty days from this date, and the balance thereof in three equal annual instalments in one, two, and three years from this date; provided that no execution shall at any time issue for any greater sum than shall be actually due upon said judgment, according to the foregoing stipulations, at the time of the issuing of said execution." On the 28th of *May,* 1844, an execution was issued upon the judgment and entry aforesaid against *G. N. Martin, C. Martin,* and *Sanford,* on which the sheriff levied and sold land belonging to *C. Martin* and *Sanford; Taylor,* one of the execution-creditors, being the purchaser. The motion to set aside the execution, levy, and sale, was made by *C. Martin* and *Sanford.*

The statute governing this cause provided, that a judgment-debtor should have the privilege of a stay of execution on a judgment for more than one hundred dollars, for one hundred and eighty days from the date of the judgment, by causing one or more sureties to enter themselves on the record, in open Court, or before the clerk in vacation, bail for the payment of the judgment, interest, &c.; that such entry should

be considered as, and have the force and effect of, a judgment confessed in a Court of record against such bail; and that an execution might issue thereon. R. S. 1838, p. 280.

An entry of bail for the stay of execution is entirely a matter of statutory regulation; and to have the effect given it by the statute, it must conform to the statute. The judgment against *G. N. Martin* had ceased to be repleviable several months before *C. Martin* and *Sanford* made the above-mentioned entry on the order-book. Their undertaking therefore was not within the statute; and whatever force it may have as a contract (a matter which we do not decide) it cannot stand as a judgment, or be the foundation of an execution. The Circuit Court was correct in setting aside the execution, levy, and sale.

*Per Curiam.*—The judgment is affirmed with costs.

*J. L. Jernegan,* for the plaintiffs.

*W. W. Wick* and *L. Barbour,* for the defendants.