Nov. Term,
1858.

ALLEN
v.
PARKER.

J. *Ryman*, B. J. *Spooner*, and J. D. *Howland*, for the appellant (1).

P. L. *Spooner* and A. *Brower*, for the appellees (2).

(1) Counsel for the appellant, upon the points decided, cited *Bell* v. *The State Bank*, 7 Blackf. 456; *Conklin* v. *Wilson*, 5 Ind. R. 209; Broom's Legal Maxims, 115, and cases there cited; *Crotty* v. *Hodges*, 5 Scott, N. R., 221, cited in 5 Har. Dig. 266; *Master* v. *Miller*, 4 T. R. 320, 1 Smith's Lead. Cas. 490b, and cases there cited.

(2) Counsel for the appellee, to the same points, cited *Russell* v. *Langstaffe*, Doug. 514; *Bell* v. *The State Bank*, 7 Blackf. 457; Story on Agency, § 166.

---

## ALLEN v. PARKER.

A judgment of foreclosure confessed in conformity to a valid warrant of attorney, is valid.

A warrant of attorney was executed after the R. S. of 1852 went into effect, authorizing *T.* to confess judgment in favor of *P.* on three promissory notes and a mortgage made to secure their payment, dated before the taking effect of the statutes. *T.* subsequently confessed judgment in pursuance of the notes and mortgage, under §§ 634 and 639, 2 R. S. p. 176, 177:—*Held*, that, as this statute affected the remedy merely, it was applicable to the case, and the judgment, in pursuance of its provisions, proper.

A judgment of foreclosure for the whole amount due and to become due, on several notes secured by the mortgage, if otherwise in conformity to law, is not erroneous.

A judgment rendered in such case, without stay of execution except on the amount due, is not therefore erroneous; and upon entering the proper replevin bail for the whole judgment, and paying each successive installment as the stay thereon expires, so that no execution shall issue, the defendant will be entitled to stay of execution on each installment, from the time when it falls due according to the terms of the contract.

Wednesday,
January 12,
1859.

APPEAL from the *Fayette* Circuit Court.

WORDEN, J.—*Parker*, at the *March* term, 1857, of the Court below, filed in said Court three several promissory notes, each for the sum of 540 dollars, made by *Allen* to said *Parker*, and also a mortgage made by *Allen* to *Parker* to secure the payment of the notes. He also filed a warrant of attorney executed by *Allen*, containing the proper affidavit as required by law, in which said notes and mort-

gage are fully described, by which warrant of attorney *Allen* constituted and appointed *Nelson Trusler*, or any other attorney of said Court, his attorney in fact, and authorized him to appear in said Court and confess a judgment against him, said *Allen*, for the principal sum of said notes, together with the proper interest, and a proper judgment of foreclosure of the mortgage and sale of the mortgaged premises, without relief from valuation or appraisement laws, in all things agreeably to the tenor and effect of said notes and mortgage, and the laws of the state in such case made and provided, waiving the filing of a complaint and the issuing and service of process, and all error in this behalf.

And thereupon the said *Allen*, by his said attorney, appeared and waived the filing of a complaint, and the issuing and service of process, and confessed a judgment against the defendant in favor of plaintiff for 1,920 dollars, 93 cents, the principal and interest due on the notes up to that date, and also a judgment for the foreclosure of the mortgage and sale of the mortgaged premises.

It was thereupon adjudged by the Court, that *Parker* recover of *Allen* the said sum of 1,920 dollars, 93 cents, without relief from valuation or appraisement laws. That the mortgaged premises, or so much thereof as might be necessary, be sold, without relief from appraisement laws, to satisfy the judgment. It was further ordered by the Court, that upon the payment of the installment of principal and interest due on the first note before the execution of the judgment should be perfected, then the proceedings should be stayed, subject to be enforced upon a subsequent default in the payment of any installment contained in either of the other two remaining notes not then due. And the Court being satisfied that the mortgaged premises could not be sold in parcels without injury to the interests of the parties, it was ordered that the whole be sold, and the proceeds applied agreeably to the statute in such cases provided, and that any surplus be paid to said *Allen;* and that any balance due *Parker*, after exhausting the mortgaged premises, be levied of the other property of

said *Allen.* It was further ordered, that upon replevin bail being given for the amount of the first note and interest thereon and costs, no further bail or stay be required until further default be made in the premises.

To these proceedings exception was taken by *Allen,* who moved for a new trial, his motion being overruled.

The first error assigned is, that the warrant of attorney only authorized a confession of judgment for 1,620 dollars, whereas judgment was confessed for 1,920 dollars, 93 cents. There is nothing in this objection. The warrant of attorney authorized the confession for the principal, 1,620 dollars, and also the interest that might be due on the notes. The sum confessed did not exceed the amount of principal and interest due on the notes.

The next error assigned is that there was a "consolidated" judgment rendered for 1,920 dollars, 93 cents, and the whole property ordered to be sold; and if that should not be sufficient to pay the debt, the balance should be levied of the other property of the defendant.

In this we think there was no error. The warrant of attorney authorized the judgment of foreclosure to be rendered "in all things agreeably to the tenor and effect of the notes and mortgage, and the laws of the state in such cases made and provided." But one of the notes was due at the time of the judgment. The Court found that the mortgaged premises could not be sold in parcels without injury to the interests of the parties. In such case, the statute authorizes the sale of the whole premises—the proceeds to be applied first to the payment of what was due, and then to what was not due. 2 R. S. p. 177, § 639. This statute was in force at the time of the execution of the warrant of attorney, and of entering judgment, but was not, at the date of the notes and mortgage. It, however, affects the remedy merely, and is applicable to the case, as is decided in *McPheeters* v. *Campbell,* 5 Ind. R. 107. The order that the balance remaining unpaid, after exhausting the mortgaged premises, should be levied of the other property of the defendant, is authorized by § 634, 2 R. S. p. 176.

There is no substantial error in rendering judgment for the whole amount due and to become due on the notes, as that was the amount to which the plaintiff was entitled in case the installment due should not be paid, and the whole property should be sold to satisfy the decree; and the Court made the proper order that the proceedings be stayed upon the payment of the installment due, until further default.

Nov. Term,
1858.

ALLEN
v.
PARKER.

The third and last error assigned is the rendering of the judgment without stay except as to the amount due on the first note, and that a stay of execution should have been ordered on each note as it fell due, on payment of the preceding one.

We are of opinion that the defendant was entitled to a stay of execution upon each installment as it became due, upon entering the proper replevin bail. 2 R. S. p. 132. This, of course, is on the supposition that previous installments had been duly paid, so that no execution could issue therefor.

But we see no error in the order of the Court in this respect. It was ordered "that upon replevin bail being given for the amount of the first note and interest thereon and costs, no further bail or stay be required until further default be made in the premises." This order, as we understand it, is as favorable as the defendant could ask. It amounts to this: that if bail be given for the first installment and costs, no further bail shall be required to stay the execution as to the whole amount. Under this order, it seems to us that when any installment became due, previous ones having been paid, the defendant was entitled to enter replevin bail for the installment, and thereby stay the execution.

The errors assigned are insufficient, and the judgment below must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. S. Reid*, for the appellant.

*S. W. Parker* and *J. C. McIntosh*, for the appellee.