Nunemacher v. Ingle et al.

*Per Curiam.*—The judgment is affirmed, with costs and 3 per cent. damages.

*Usher, Thompson & Scott,* for the appellant.

*J. P. Baird* and *B. B. Moffatt,* for the appellees.

HARVARD LAW SCHOOL LIBRARY

NUNEMACHER v. INGLE *et al.*

PRACTICE.—Where a case is presented to this Court upon the evidence in the record, and such evidence *tends* to sustain the verdict or finding below, this Court will not disturb the same.

RETURN OF ORDER OF SALE.—Where a mortgage has been forclosed, and the judgment replevied, and the period of stay having expired, and order of sale duly issued upon the decree, the return of that order of sale, by the direction of the plaintiff, without the disposition of the property therein described, can not operate as a discharge of the lien authorized by the mortgage, nor effect the rights of replevin-bail.

SURETY—RIGHTS OF.—The surety in such case, by proper proceeding, might have compelled the creditor to proceed, or exonerate him from liability, or he might have paid the debt and been subrogated to the rights of the creditor.

CLERK—DUTY OF.—Section 428, 2 R. S. 1852, p. 176, which provides that, at the expiration of the stay, it shall be the duty of the Clerk to issue a joint execution against the property of all the judgment debtors, and the replevin-bail is merely directory as to the manner or form of the execution, and does not make it his duty to issue upon the expiration of the stay, without an order from the plaintiff or his attorney.

APPEAL from the *Floyd* Circuit Court.

HANNA, J.—This was a proceeding instituted by *Nune-*

*macher*, a replevin bail, to enjoin the collection of a judgment. Judgment for the appellees.

The facts charged are, that on the 10th day of *July*, 1857, one *Richardson* recovered a judgment against one *Telson* for 388 dollars. At the same time one *Leyden* recovered a judgment against the same defendant for 410 dollars. Each of said creditors held a mortgage on the same piece of property, which mortgages were foreclosed in that proceeding. On the 22d of the same month the plaintiff became replevin-bail. On the 27th of *January*, 1858, an order of sale and execution was issued on said judgment; that the sheriff advertised said described property to sell on the 17th of *March*, 1858; that on the day before said contemplated sale, said *Ingle* represented to said plaintiff that he held an incumbrance on all the property of said *Telson*, and did not wish it to sell; that it was agreed that if said *Ingle* would pay off the *Leyden* judgment, this plaintiff would try to obtain indulgence from *Richardson;* that *Ingle* went away and returned, and said he had paid off the *Leyden* judgment, and thereupon this plaintiff secured an order from *Richardson* to return the execution as to that part, &c.; that he did not know until the 4th day of *January*, 1861, that said *Ingle* had procured an assignment of the *Leyden* judgment to himself, and an order to return the execution instead of satisfying it; that he is now attempting to enforce it; that at the time said property was first advertised it was worth and would have brought 1200 dollars; that it has since been deteriorated in value, because of the destruction of the building by a storm, and has been sold on an order of sale on said foreclosure, and exhausted in the payment of said *Richardson's* part of said judgment; and an execution is in the hands of the sheriff, who threatens to levy upon the property of said replevin-bail; that said *Telson* has left the State wholly insolvent.

The evidence supports the allegation in the complaint, ex-

cept as hereinafter noticed.  *Nunemacher* and one *Shaw* each testified to the arrangement with *Ingle,* and his statements that the judgment of *Leyden* was paid.   There were also two letters of *Ingle* tending to show that *Telson* was indebted to him for money advanced for some purpose.  *Ingle* testified that he had made no such arrangement nor representations, and was indirectly sustained by *Crawford.*

Under these circumstances we can not say but that there was evidence tending to support the finding and judgment of the Court, and we can not, therefore, disturb the ruling in overruling the motion for a new trial on that ground.

There is evidence showing that the replevin-bail consented and indeed assisted in procuring the return of the execution as to *Richardson,* but there is no evidence that he consented to the return of it as to *Leyden,* without a sale, on the 17th of *March,* 1858, nor that he knew in what manner it had been returned until long afterwards.  Upon this his counsel press the point that he was, by the act of those controlling said *Leyden* judgment, discharged from any further liability thereon.  This is not like an ordinary execution, that had been issued, levied and returned upon order of the plaintiff. The mortgage was a lien having its due priority.  The equity of redemption having been foreclosed, and an order of sale issued, the withdrawal of that order of sale, without having accomplished the purpose for which it was issued, namely, the disposition of the property therein described, did not, in our opinion, operate as a discharge of that lien nor effect the rights of the surety.  It is not shown that the defendant in said order had any other property that would have been there reached if that in the order of sale described had been disposed of for a sum insufficient to pay the debt; even if that should have had any influence.

It was substantially then, a simple postponement of the collection of a debt, by the act of the creditor, without the

Nunemacher v. Ingle et al.

consent of the surety of the principal debtor. This did not amount to such laches as should operate to discharge the surety. 1 Story's Eq., sec. 326. The surety might have compelled the creditor to proceed or exonorate him from liability; id. 327; or he might have paid the debt and have been subrogated to the rights of the creditor. Id.

It is urged that the law takes the management of the case out of the hands of a creditor in permitting the debtor to postpone the payment by giving replevin bail; and it is then under the control of the law and not of the plaintiff; that the statutes provide that the proper officer shall issue an execution upon the expiration of the stay, brought about by giving replevin-bail, without any order from the plaintiff; and therefore, such surety is given in contemplation of said statute, and with the expectation that the due execution of the writ to be so issued will not be interfered with by the creditor; and that such an interference will at once discharge said surety.

It was intimated, in *Lewis* v. *Phillips*, 17 Ind. 108, that the section of the statute upon which this position is built should be construed as directory, as to the form in which the execution should issue, rather than the time when it should be issued. Upon again examining the question we are still inclined to adhere to the construction shadowed forth in the case above referred to.

*Per Curiam.*—The judgment is affirmed, with costs.

*James Collins* and *Alfred B. Collins*, for the appellant.

*R. Crawford* and *Henry Crawford*, for the appellees.