## COLGROVE, Sheriff, &c. *v.* Cox et al.

REPLEVIN BAIL—RETAINER.—A replevin bail for the stay of execution, who has paid a part of the judgment, and afterwards at a sale of the property of his principal, by the sheriff, on an execution issued thereon, becomes the purchaser thereof, for a sum greater than the balance due, has the right, against junior creditors in whose favor executions are, at the time, in the hands of such sheriff, to retain the overplus to an amount sufficient to satisfy the sum paid by him as such bail.

APPEAL from the *Boone* Common Pleas.

HANNA, J.—On the 7th of *May,* 1861, *Gano* and others recovered a judgment and foreclosed a mortgage for 906 dollars and 3 cents, without valuation, against *Elihu Cox,* in the Common Pleas Court of said county.

On the 17th of the same month *Robert Cox* became replevin bail for the stay of execution for the time fixed by law.

On the 7th of *November*, 1861, said bail paid into the clerk's office on said judgment 650 dollars. On the day last aforesaid a copy of said judgment and decree was issued and placed in the hands of the appellant, as sheriff, &c. On the 14th of *December*, 1861, said property was sold by said sheriff on said decree to said *Robert Cox* on a bid of 600 dollars; and, on the same day he made a certificate of purchase and a deed, and tendered them to said *Cox* and demanded the amount so bid; but said *Cox* refused to pay any more than the balance due on said *Gano* judgment; claiming to retain the residue because of his rights as replevin bail, and under a mortgage, &c., held by him on said property so bid off. The sheriff refused to allow the said claim, for the reason that he held other executions in his hands against said *Elihu Cox*, upon which he considered it his duty to apply the overplus.

The mortgage relied upon by *Robert Cox* was made by *Elihu* to him on the 9th of *January*, 1861, and was for 2200 dollars, and was foreclosed at the *March* term, 1862, &c.

On the 3d day of *September*, 1861, *Neave* and others recovered a judgment in the said Court against said *Elihu Cox* for 97 dollars and 43 cents, on which execution issued, &c., on the 2d day of *October*, 1861, and was in the sheriff's hands. On the 24th day of *September*, 1861, *Sims* and others recovered a judgment against said *Elihu* in said Court for 156 dollars and 45 cents, on which execution issued *December* 5, 1861, &c.

As *Cox*, the purchaser at sheriff's sale, refused to pay, this was a proceeding by way of motion in Court, under the statute, &c., against him. In the said written motion, the answer and the reply, the facts above set forth appear, as well as the fact that said property was worth 2000 dollars, and that said *Elihu Cox* was insolvent; that *Cox*, the purchaser, paid the balance of the *Gano* judgment to the attorney.

Neither party seeks to set aside the sale so made by the sheriff. The question is as to the application of the over-

Colgrove, Sheriff, &c. *v.* Cox et al.

plus, after paying the *Gano* judgment, which, it is conceded, was on a mortgage older than the other liens—though the date thereof does not appear in this record.

By the statute a replevin bail, in an instance when he pays the judgment, can have execution on the same, for his benefit, against the principal. 2 G. & H. 309.

If this statute alone, or in connection with the general principles governing such a case, gives the bail the benefit of the lien of the judgment, as against the property of the judgment debtor, as it existed before the creditor received the amount due thereon, then, it would seem, that junior incumbrances could not intervene to deprive him of the benefit thereof. When a replevin bail pays the judgment to the creditor and is entitled, thus, to an execution for his benefit, against the principal, the question is whether such judgment is a lien upon the property of such principal, and, if so, at what time does it attach. From the perfecting of the judgment it is a lien in favor of the creditor, but is it a lien in favor of the replevin bail, and if yea, is it from the time he becomes such, or from the time he makes the payment, or after he pays is there some kind of relation back to the time he became bound? The statute is, that if such surety pays or is compelled to pay the judgment, or any part thereof, "the judgment shall not be discharged by such payment, but shall remain in force for the use of such bail making such payment, and after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use."

It has been held that the act of becoming replevin bail does not create or constitute a new and substantive contract between such surety and the judgment creditor, so that the valuation laws of that date should govern the execution thereon, but that the law of the orignal contract controlled.

*Hutchins* v. *Hanna*, 8 Ind. 534; *Doe* v. *Harter*, 2 *id*. 252; *Doe* v. *Dutton*, *id*. 309.

It appears to us the principle involved in these cases is decisive of this; for if, by the act of staying, for a time, execution on a judgment the surety becomes for some, perhaps, not clearly defined reason, bound by the terms of the original contract, so far as the remedy thereon is concerned, rather than by the law of the remedy in regard to contracts, at the date at which he becomes a party; then we can not see why, under this broad statute, he should not have the benefit of the like remedy. The judgment, notwithstanding payment to the creditor, remains "in force" and "shall not be discharged;" against whom shall it thus operate? It must be against the principal debtor, and that the surety is subrogated to the rights of the creditor. By this process the liens of intervening creditors would be postponed. That is, a judgment junior to the one thus stayed, although entered at a date anterior to the time when the older judgment was stayed might be thus postponed for the rights of the bail upon said elder judgment. If this is the fair construction of this statute, and, in view of previous decisions, we suppose it is, we do not see that it could work any hardship to a junior incumbrancer. The senior judgment would be a superior lien upon the debtor's property—would have to be first satisfied. The fact that the day of such satisfaction, from such property, should be delayed by staying the execution, can not, in view of numerous decisions relative to the laws controlling the remedy, substantially affect the rights of any creditor. Then if the judgment is not paid the property is swept off from the junior creditors to satisfy the same; if the bail pays it and the property goes for his benefit it is at last but in discharge of that superior lien, to which, under this construction, such bail had a right to look when he became a party.

As the judgment upon the pleadings was in favor of the

defendant, the replevin bail who bid off the land, we can not disturb it.

*Per Curiam.*—The judgment is affirmed, with costs.

*L. C. Dougherty*, for the appellant.