NILES *v*. STILLWAGON.

STATUTES CONSTRUED—JUDGMENT OF FORECLOSURE REPLEVIABLE.— Where, in a judgment of foreclosure, the amount due is found by

the Court, and the mortgaged property ordered to be sold to satisfy the same, such judgment is repleviable under section 420, 2 G. & H. p. 233, although judgment is not given for the recovery of the money.

SAME—EFFECT OF RECOGNIZANCE OF BAIL—ACTION.—By section 427, *id.*, the recognizance of bail given in such case, operates as a judgment confessed, in favor of the judgment plaintiff, and against the replevin bail, for the sum of money found due by the Court; and the undertaking or recognizance of bail will support an action against such bail, for any balance due, after the property ordered to be sold is exhausted.

APPEAL from the *Putnam* Common Pleas.

DAVISON, J.—The appellant, who was the plaintiff, sued the appellee upon an instrument in writing in the form of a recognizance of replevin bail.

The facts are these: At the *April* term, 1859, a suit was pending in the *Putnam* Circuit Court, wherein the said *John C. Niles* was plaintiff, and *Mariah Boswell*, the widow, and *Albert Boswell*, and others, the heirs of *John B. Boswell*, deceased, were defendants, upon a complaint to foreclose a mortgage executed by said *John B.* in his lifetime, and also by his then wife, the said *Mariah*. And the Court then and there found that there was due and owing to the plaintiff upon the mortgage 1,193 dollars, and adjudged that the equity of redemption of the mortgaged premises be foreclosed, and that the sheriff proceed to sell the same, as under execution, to pay the 1,193 dollars so found to be due to the plaintiff as aforesaid, and also his costs, &c., returning the overplus, if any, to the defendants. After this, on the 19th of *April*, 1859, the defendant, *Stillwagon*, executed on the order book of the Court, just below the entry of said judgment, his written undertaking as follows:

defendants, for the payment of the foregoing judgment, together with interest and costs accrued and to accrue at or before the expiration of the term of stay of execution.

"DAVID S. STILLWAGON."

And the said *Stillwagon,*having been called by the plaintiff, testified, "that he is the brother of said *Mariah Boswell;* that he signed the written undertaking at her instance and request, she being one of the defendants to the order of foreclosure; that there was no consideration for the replevin bail so entered as aforesaid, and that he never had any conversation or agreement with the plaintiff on the subject of the replevin bail, or in relation to the stay of the order of sale." Afterwards, on the 19th of *October,* 1859, an order of sale was issued on said decree and delivered to the sheriff, who, having duly advertised the mortgaged premises therein described, sold the same at public auction to one *Abel Knight* for 800 dollars, which, after deducting cost, &c., was paid over to the plaintiff, leaving a residue of said judgment unpaid amounting to 800 dollars. For the recovery of this residue,the present suit has been instituted against the defendant upon his above written undertaking.

The Court tried the issues and found for the defendant; and, having refused a new trial, rendered judgment.

In argument two questions are presented for our consideration : 1. Was the judgment of foreclosure repleviable ? 2. If it was, can this suit be maintained on the defendant's undertaking?

The statute says: "When judgment has been rendered against any person for the recovery of money or sale of property, he may, by procuring one or more sufficient freehold sureties to enter into a recognizance acknowledging themselves bail for the defendant, for the payment of the judgment, together with the interest and cost accrued and to

accrue, have a stay of execution," &c. 2 R. S., G. & H. p. 233, § 420. Here, there was no judgment "for the recovery of money;" but the Court found the precise amount due on the mortgage, and then gave judgment of forclosure and that the mortgaged premises be sold for the sum so found due. This, it seems to us, is repleviable under the statute. It can make no essential difference that, in this instance, "the remedy of the mortgagee was confined to the property mortgaged;" *id.* p. 294, § 632; because it is the judgment that the property be sold for the payment of a specified sum of money that is repleviable, and the replevy being valid, it had the effect of a judgment confessed in favor of the plaintiff and against the defendant for the sum found by the Court; *id.* p. 233, § 427; and being such judgment, we perceive no reason why an action can not be maintained upon it. True, it is made the duty of the clerk, at the expiration of the stay, to issue execution jointly against the judgment debtor and replevin bail; *id.* p. 236, § 28; but that is a mere direction and may be omitted, as in this case, where there is no judgment against the mortgage debtors, and the remedy as to them is confined to the mortgaged property. And though there is no personal judgment against the mortgagors which can be allowed to "stand open for the use of the replevin bail;" *id.* 309, § 676; still he should, in our opinion, be allowed to recover the amount which he pays from the mortgage debtors. But, be this as it may, the undertaking, in this instance, is not only a judgment confessed to the plaintiff, upon which he has his right of action, but is, in effect, a contract with him to pay whatever of the amount, found due, remains unpaid after the mortgaged property is exhausted. And whether this suit be upon the entry of replevin bail as a judgment or a mere contract, and under the pleadings it may be deemed as founded on either, the plaintiff is entitled to recover. 8 Blackf. 169; 5 Ind. 129; 7 *id.* 97.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded, &c.

*H. Secrest* and *S. Turman,* for the appellant.

*Williamson & Daggy,* for the appellee.