## ELSON ET AL. *v.* O'DOWD.

JUSTICE OF THE PEACE.—*Replevin Bail.—Execution.—Levy.—Injunction.*—A complaint to enjoin the levy of an execution, issued upon a judgment of a justice of the peace, upon the property of the replevin bail, on the ground that there is sufficient personal property of the judgment defendant to satisfy the judgment, and that the officer threatens to levy on the property of the replevin bail, is sufficient.

SAME.—A replevin bail, under the provisions of the act in relation to justices of the peace, is not liable as a judgment debtor, but as a surety; and section 428 of the code applies to and governs the rights of such replevin bail before a justice of the peace.

SAME.—A replevin bail is a surety within the meaning of section 82 of the act in relation to justices of the peace. 2 G. & H. 602.

MARRIED WOMAN.—*Estoppel.*—When a married woman fails to interpose the defence of coverture to a suit, she is estopped from availing herself of such fact after judgment, to avoid a levy of execution.

EXECUTION.—*Injunction.*—To make a case for an injunction, it is not sufficient to prove that the execution is in the hands of the officer, but there must be proof that he is about to levy, or threatens to levy, illegally.

APPEAL from the Howard Common Pleas.

BUSKIRK, J.—This was a proceeding of the appellee against the appellants, to restrain them from levying upon and selling his property to satisfy an execution issued by the mayor of the city of Kokomo, upon a judgment rendered in favor of William B. Elson and against Jacob Maas, Jetta Maas, and George L. Faulkner, and upon which judgment the appellee had become replevin bail.

The material averments in the complaint are, that William B. Elson, on the 17th day of October, 1870, recovered a judgment before and in the court of John W. Cooper, mayor of the city of Kokomo, against Jacob Maas, Jetta

Maas, and George L. Faulkner, for the sum of one hundred and seventeen dollars and fifty-five cents; that the plaintiff had become replevin bail on such judgment; that upon the expiration of the stay of execution, the said mayor had issued an execution thereon against the judgment defendants and the replevin bail, which had been delivered to C. J. Becktel, marshal of said city, who then held such execution, and was threatening and preparing to levy such execution upon the property of the plaintiff; that the said George L. Faulkner had departed this life, but that his estate is solvent·; that the said Jetta Maas and the estate of George L. Faulkner own a large amount of personal property subject to sale upon execution; that unless the said marshal is restrained therefrom, he will immediately levy upon and sell the property of the plaintiff for the payment and satisfaction of said judgment and execution, greatly to the injury and damage of the plaintiff.

The prayer of the complaint was, that William B. Elson and Charles J. Becktel, marshal, be restrained and enjoined from proceeding upon and with said execution, against the property of the plaintiff, until they have fully exhausted and disposed of all the property of the judgment defendants, and for general relief.

The defendants demurred to the complaint, upon the ground that it did not contain facts sufficient to entitle the plaintiff to the relief prayed for. The demurrer was overruled, and they excepted.

The defendants then answered in denial. There was a trial by jury, finding for plaintiff, motion for a new trial made, overruled, and excepted to, and judgment on the finding.

The appellants have assigned for error the overruling of the demurrer to the complaint, and the motion for a new trial.

Three objections are urged, by counsel for appellants, to the complaint, first, that it is not averred that the personal property of Jetta Maas and that belonging to the estate of George L. Faulkner, deceased, were situated in the county of Howard; second, that the facts stated did not make a case for injunc-

tive relief; third, that the plaintiff, by becoming the replevin bail on said judgment, became a judgment defendant, and that the replevin bail on a judgment rendered by a justice of the peace is not entitled to have the property of the judgment defendants exhausted before his property can be sold.

There is nothing in the first objection. It was averred in the complaint that such property was subject to levy and sale upon such execution, and it could not be so subject unless it was in the county of Howard, for the marshal possessed no jurisdiction beyond the limits of the county.

We are of opinion that the second objection is untenable. It is now well settled that the chancellor will restrain the illegal sale of the property of an individual. See *Strong* v. *Daniel*, 5 Ind. 348; *English* v. *Smock*, 34 Ind. 115; *Watson* v. *Sutherland*, 5 Wal. 74; *Collins* v. *Fraiser*, 27 Ind. 477.

The third objection is placed upon the peculiar provisions of the eighty-fourth section of the act defining the civil jurisdiction of justices of the peace, which reads as follows:

"Sec. 84. In all cases where a stay of execution is not prohibited by law, the judgment defendant shall have stay of execution, by entering replevin bail on the docket of the justice, in substantially the following form:

"I, A—— B——, hereby acknowledge myself replevin bail for the stay of execution, on the above judgment for —— days from the rendition thereof. Witness my hand this —— day of ——, 18—. A. B. Test: E— F—, Justice.

"And the justice shall be responsible for the solvency of such bail at the time when taken, unless the plaintiff consent thereto; and such undertaking shall have the effect of a judgment confessed; and execution shall issue thereon at the expiration of such stay jointly against the defendant and such bail; and it shall be the duty of the justice to issue execution thereon at the expiration of the stay, unless otherwise ordered by the plaintiff." 2 G. & H. 602.

The position assumed by counsel for appellants is, that as by the above section the undertaking of a replevin bail shall

Elson *et al. v.* O'Dowd.

have the force and effect of a judgment confessed, and that as execution shall issue on such judgment jointly against the defendant and replevin bail, the replevin bail assumes the liability of a judgment defendant, and is not entitled, in the absence of a statute authorizing it, to have the property of the judgment defendant exhausted before his property shall be subject to levy and sale; that there is no provision in the justices' act exempting the property of the replevin bail from sale, until that of the judgment defendant has been exhausted; and that as the liability of the replevin bail is fixed by the justices' act, the statute fixing the liability of replevin bail in the circuit court cannot apply to and govern the case of a replevin bail on a judgment rendered by a justice or mayor of a city.

The above position, though plausible, is, in our opinion, untenable, for two reasons.

In the first place, we do not think that the fact that the undertaking of a replevin bail has the effect of a judgment confessed makes the liability of the replevin bail the same as that of the judgment defendant. When the undertaking of the replevin bail has the effect of a judgment confessed, a joint execution may issue against the judgment defendant and the replevin bail. The Revised Statutes of 1838 did not give to the undertaking of a replevin bail in a justice's court the force of a judgment, but merely that of an obligation to pay the judgment, if it could not be made by an execution against the principal debtor, and constituted the foundation on which a judgment against the bail might be placed upon such contingency having happened. No joint execution could then, as it can now, issue against the judgment debtor and the bail, before a justice of the peace. The remedy was by *scire facias*, in which it was necessary to allege and prove that an execution had been issued against the principal debtor, and had been returned "no property," etc. In a proceeding by *scire facias*, the replevin bail must have notice, and was entitled to appear, and plead, and have a trial of the issues made. *Burton* v. *McGregor*, 4 Ind. 550.

It is quite manifest to us, from other provisions of the justices' act, that it was not intended to make the replevin bail liable as the judgment debtor, but that he only assumed the liability of a surety.

Section 94 provides that the replevin bail may be discharged from liability as such. If new bail is not given, execution shall issue immediately. The 95th section provides the manner in which new bail shall be entered, and when so entered the old bail is discharged. It is provided in the 96th section, that "when a replevin bail has paid the judgment, or any part thereof, the same shall stand unsatisfied for his use, and he may have execution thereon." 2 G. & H. 605.

It has been uniformly held by this court, as well before as since the adoption of the code, that a replevin bail was a surety only, and was entitled to all the rights and privileges of a surety. *Hutchins* v. *Hanna,* 8 Ind. 533; *Nunemacher* v. *Ingle,* 20 Ind. 135; *Colgrove* v. *Cox,* 22 Ind. 43.

In the next place, we are of opinion that section 428 of the code should apply to and govern the rights of a replevin bail before a justice of the peace.

It is provided by section 75 of the justices' act, that "in all cases not in this act specially otherwise provided, proceedings before justices shall be governed by the practice and usages of circuit courts, and the rules of the common law so far as the same are in force in this State." 2 G. & H. 600.

Sections 421, 422, 423, 424, 425, 426, and 427 of the code provide when and in what manner replevin bail may be entered. 2 G. & H. 234.

Section 428 provides, that "at the expiration of the stay, it shall be the duty of the clerk to issue a joint execution against the property of all the judgment debtors and replevin bail; but the sheriff shall first levy upon the property of the judgment defendants, if sufficient can be found; if not, he shall then, without delay, levy the execution upon the property of the bail. But no property of the bail shall be sold

Elson *et al. v.* O'Dowd.

while property of the original judgment debtor, subject to the execution, can be found in the county." 2 G. & H. 236.

There is no provision in the justices' act specially providing that the property of the judgment debtor shall be first sold, where there is replevin bail. It is provided in said act that an undertaking of replevin bail shall have the effect of a judgment confessed; that a joint execution shall issue against the judgment debtor and replevin bail; that the replevin bail may be discharged; and that the judgment, when paid, shall remain unsatisfied for his use; thus showing that he was surety only; but there is no special provision that no property of the replevin bail shall be sold while property of the original judgment debtor subject to execution can be found in the county.

It was evidently the intention of the legislature, in adopting section 75 of the justices' act, to remedy the evils that would result from such omitted case as the one under consideration; but section 82 of such act is broad enough to embrace a replevin bail, as he is a surety within the true meaning of such section, which provides, that "whenever it shall appear from the docket, the justice shall note on the execution, whether any of the defendants are sureties; and if so noted, it shall be the duty of the officer executing the same, first to levy on the goods of the principal; and if enough of such goods can be found to satisfy the execution, no levy shall be made on the goods of the surety." 2 G. & H. 602.

We think the court committed no error in overruling the demurrer to the complaint.

The counsel for appellants has assigned several reasons why the court erred in overruling the motion for a new trial. The first is, that the court erred in permitting Jetta Maas to testify as to the kind and value of her personal property. It is claimed that such evidence was illegal, because the execution was not issued against her, and the officer was not required to levy upon and sell her property to satisfy such

execution. The execution read in evidence recites the recovery of a judgment against Jacob Maas, Jetta Maas, and George L. Faulkner, but the officer was commanded to make the sum of money therein named by the sale of the goods of Jacob Maas and George L. Faulkner, if any such could be found in said county subject to execution, and if not, then without delay to levy upon the goods of Francis O'Dowd, the replevin bail, and to sell the same as the goods of the original judgment defendants are sold.

The execution was irregular and illegal, and would have constituted a valid reason to enjoin the officer from levying upon the property of the replevin bail, but this was not assigned as a reason for injunctive relief. The statute requires that the execution should issue against all of the judgment debtors and the replevin bail. It appears from the evidence that Jetta Maas was, at the time of the rendition of the judgment and of the trial, the wife of her co-defendant, Jacob Maas, but this fact constituted no reason in law why the execution should not have been issued against her, and why her property should not be levied upon and sold upon such execution. Her coverture would have constituted a valid defence to the action upon the note, but having failed to interpose such defence before judgment, she is now conclusively estopped from doing so, and her property is as much liable to levy and sale as though she was unmarried. See *McDaniel* v. *Carver, ante,* p. 250. We think it was competent for the appellee to show that any of the judgment defendants had property subject to execution.

It is next claimed that the court erred in overruling the motion for a new trial, because the finding was not sustained by the evidence. We think this objection is well taken. It was alleged in the complaint that the marshal, who had the execution in his hands, was threatening and preparing to levy the same upon the property of the plaintiff, and that unless the said marshal was restrained therefrom, he would immediately levy upon and sell the property of the plaintiff. The above allegations were necessary to entitle the plaintiff

to injunctive relief.    The fact that an execution was in the hands of the marshal did not injure the plaintiff, as it would be presumed that he would execute it according to law. The ground upon which the chancellor grants relief in such cases is, that the officer is about to levy upon and sell the property of the replevin bail before he has exhausted the property of the judgment debtor, and that he will make such levy and sale unless restrained from so doing.    Whatever allegations are necessary in a complaint must be proved upon the trial.    The evidence is in the record, and we have read it with care.    There was no evidence given in support of the above allegations or any of them.    The marshal who held the execution was examined as a witness, but no question was asked him, and he gave no evidence, as to his intentions or purposes in reference to the property of the plaintiff.    Unless the officer was threatening or was about to illegally levy upon the property of the plaintiff, there was no ground upon which an injunction could be granted.

This is not a case of the weight or conflict of evidence, but the entire absence of any evidence to establish a material allegation of the complaint.

For this error the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded for a new trial, in conformity to this opinion.

*C. N. Pollard,* for appellants.