## SKELTON ET AL. *v.* WARD ET AL.

REPLEVIN BAIL.—*Mortgage.—Debt Payable in Instalments.*—Where a judgment is rendered, and a mortgage is foreclosed, given to secure the payment of several notes, of which some are due and others are not due, and the judgment is that the plaintiff recover the amount due, and also the several instalments as they become due, and in default of payment of any instalment due, or to become due, that the mortgaged real estate be sold; and where it is also found that the property cannot be sold in par-

cels, a person who becomes replevin bail for the payment of the judgment "on or before the time allowed by law for the stay of execution," will only be bound for the amount of the debt due at the time he signs as bail. (PETTIT, J., dissented.)

MORTGAGE.—*Debt Payable in Instalments.—Judgment.*—Where a mortgage is foreclosed, which secures a debt payable in instalments, of which some are due and others are not due, the court can only direct, as to instalments not due, at what time and upon what default any subsequent executions shall issue to make the amounts of instalments not due. A personal judgment cannot be legally rendered for a debt which is not due.

From the Gibson Circuit Court.

*D. F. Embree,* for appellants.

*C. A. Buskirk,* for appellees.

DOWNEY, J.—This was an action by the appellants against the appellees for an injunction. The complaint discloses the following facts:

Ward had a mortgage on real estate executed by Grigsby and wife to secure the payment of a number of notes, some of which were due, and others had not yet matured. On the 13th day of January, 1871, he commenced an action to foreclose his mortgage, at which time one only of the notes was due. The complaint alleged that the lands could not be divided and sold in parcels, etc. The mortgage provided for the payment of attorney's fees if suit should be brought to foreclose it. At the January term, 1871, of the court, judgment was rendered for the foreclosure of the mortgage, the material part of which is as follows:

"It is therefore ordered, adjudged and decreed by the court that said plaintiff do recover judgment against said Bayless Grigsby, defendant, on said notes and mortgage, one hundred and fifty-three dollars, as the reasonable fee of plaintiff's attorney for obtaining this judgment and collecting the same, and eight hundred and fifty-six dollars and twenty-five cents, now due and owing; also, the sum of eight hundred and ninety-seven dollars and seventy-five cents on the 25th day of December, 1871; also, the sum of nine hundred and forty-two dollars and seventy-five cents due and owing

on the 25th day of December, 1872; the sums aforesaid being all collectible without relief from valuation or appraisement laws. It is also ordered, adjudged and decreed by the court that, if default be made in the payment of any or either of said sums of money above set forth, at the respective periods when the same are due and owing as aforesaid, to wit: eight hundred and fifty-six dollars and twenty-five cents, together with said attorney's fee of one hundred and fifty-three dollars, now due and owing, and eight hundred and ninety-seven dollars and seventy-five cents on the 25th day of December, 1871, and nine hundred and forty-two dollars and seventy-five cents on the 25th day of December, 1872, then in the event of such default, or defaults, as aforesaid and except as said sums shall be duly stayed or replevied, the said real estate in said mortgage described as aforesaid shall be sold by the sheriff," etc., "as other lands are sold on execution," etc.

The court found, and stated in the judgment, that the lands could not be sold in parcels without injury to the interests of the parties.

Within a few days after the rendition of the judgment, the appellants, Newton Skelton and William Scott, became replevin bail for the judgment defendants in the following form:

"I acknowledge myself replevin bail for the payment of this judgment on or before the time allowed by law for the stay of execution.

"NEWTON SKELTON,.<br>"WILLIAM SCOTT."

It is alleged that long prior to the 25th day of April, 1873, by the sale of all the mortgaged premises, and payments made by the replevin bail, the amount of the note due when judgment was rendered, and when they became bail, and also the amount of the attorney's fee, had been paid and satisfied, with all costs due at the rendition of the judgment, or that accrued afterwards; so that nothing was left due on said judgment except the amount of the two notes which had not

matured when the judgment was rendered, and when the replevin bail was entered; that, notwithstanding this, the appellee Ward, on the 23d day of April, 1873, caused and procured an execution to be issued on said judgment and entry of bail against the judgment defendant, Bayless Grigsby, and the appellants, as such replevin bail, and delivered the same to the sheriff, one of the appellees; that the sheriff has been unable to collect the amount of the execution from Grigsby, because he has no property subject to execution, and has demanded payment of the plaintiffs and threatens to levy the execution on the property, etc.

The defendants demurred to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and there was judgment for the defendants. This ruling of the court is assigned as error.

We cannot regard the judgment in question, so far as it relates to the instalments or notes not due at the time the judgment was rendered, as a judgment on which an execution can legally issue to be made of the property generally of the judgment defendant or that of his replevin bail. The statute has this section:

"Whenever a complaint is filed for the foreclosure of a mortgage upon which there shall be due any interest, or instalment of principal, and there are other instalments not due, if the defendant pay into court the principal and interest due, with costs, at any time before final judgment, the complaint shall be dismissed; if such payment be made after final judgment, proceedings thereon shall be stayed, subject to be enforced upon a subsequent default in the payment of any instalment of the principal, or interest thereafter becoming due. In the final judgment, the court shall direct at what time and upon what default any subsequent execution shall issue." 2 G. & H. 295, sec. 637.

The court, under this statute, could only, in the final judgment, direct at what time and upon what default any

subsequent execution should issue to make the amount of the instalments or notes which were not due when the judgment was rendered. This is what we understand the court to have done in this case.

A personal judgment cannot legally be rendered for a debt which is not due.

It is true it was said by this court, in *Allen* v. *Parker*, 11 Ind. 504, that there was "no substantial error in rendering judgment for the whole amount due and to become due on the notes, as that was the amount to which the plaintiff was entitled in case the instalment due should not be paid, and the whole property should be sold to satisfy the decree; and the court made the proper order that the proceedings be stayed upon the payment of the instalment due, until further default."

We do not understand this language, however, to relate to a personal judgment; but only to the judgment authorizing the sale of the mortgaged premises, as contemplated by the section of the statute which we have already quoted. It may be remarked that this case seems to have been questioned, if not overruled, in *Thompson* v. *Davis*, 29 Ind. 264.

It is plain that if a present personal judgment can be rendered for the amount of instalments or notes not due, it must follow that if the mortgaged premises do not sell for an amount sufficient to pay the whole debt, the residue may be made of any other property of the judgment defendant subject to execution, and he may thus be compelled to pay the debt before it has matured.

It is only so far as the sale of the mortgaged premises is concerned, when the premises are indivisible, that the debt can be collected before it becomes due.

We think the entry of replevin bail in this case should be construed as extending only to the portion of the debt which was due at the time when the replevin bond was executed, including, of course, the amount of the attorney's fee, which was then due. This was the only amount which the defendant was then bound to pay, and was the only amount for

which he was required to furnish bail. The residue of the debt was not yet due.

It was held in the case of *Allen* v. *Parker*, *supra*, that each instalment of the mortgage debt may be replevied as it falls due.

We do not decide that the bail may not, by express words, extend his liability, where he agrees to do so, to instalments of the debt not yet due; but we think the bail in this case did not do so by the terms of the recognizance. Reference is made to *Niles* v. *Stillwagon*, 22 Ind. 143; but it is not an authority here, for the reason that there the whole debt was due when the recognizance of replevin bail was executed.

We need not decide, in this case, whether the liability of the bail to execution extends beyond the liability of his principal or not, for here we are holding that there was a personal judgment against the principal for the amount of the first note and for the attorney's fee, and to that extent the bail were clearly liable. The statute seems to contemplate a joint execution against the principal and the replevin bail, and makes no express provision for any other. 2 G. & H. 236, sec. 428. If no execution can otherwise issue, it would seem to follow that the liability of the bail to execution was only commensurate with that of the principal in the judgment. But we decide nothing on this point.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the complaint.

PETTIT, J., dissenting.—The only question in this case is, where a mortgage is foreclosed which is given to secure the payment of several notes, some of which are due, and others are not due, and a decree of foreclosure and judgment is rendered for the whole amount of the notes secured by the mortgage, payable as they become due, and a party enters himself as replevin bail on the judgment and decree, is he bound for the whole amount of the judgment and decree, or is he only bound for the amount of the decree on the notes due at the

date of the decree? I think that he is bound for the whole amount of the decree and judgment.

The contract of the replevin bail was in these words:

"I acknowledge myself replevin bail for the payment of this judgment on or before the time allowed by law for the stay of execution."

This, I think, clearly rendered the replevin bail liable for the whole decree and judgment. *Niles* v. *Stillwagon*, 22 Ind. 143.