EDWARDS ET AL. *v.* HAVERSTICK, ADMINISTRATOR.

FRAUDULENT CONVEYANCE.—*Effect of.*—A conveyance of real estate, made for the purpose of hindering or delaying creditors of the grantor, is legal and binding as between the parties and as to all others than such creditors, and the real estate is subject to levy and sale under an execution against the grantee, and another conveyance thereof, subsequently made by said grantor, can pass no title.

EXECUTION.—*Replevin Bail.*—An execution plaintiff cannot be required, before proceeding against the property of replevin bail, to resort to real estate of the judgment defendant which has been duly and legally sold by the sheriff, for much less than its value, under a prior judgment in favor of another plaintiff against the same defendant, who has no other property subject to execution, said execution plaintiff having the right to redeem said real estate from said sale.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson,* for appellants.

BUSKIRK, J.—This is the second time this case has been in this court. It is reported in 47 Ind. 138. The material facts of the case will be found in the former statement of the case. The judgment was then reversed for want of sufficient averments in the complaint. Upon the return of the case, the complaint was amended, so as to conform it to the ruling of this court. It is assigned for error in this court, that the complaint does not contain facts sufficient to constitute a cause of action. We think differently. The complaint is now sufficient, and conforms to the former ruling of this court. The issues were reformed and were submit-

ted to the court for trial, who, at the request of the parties, found the facts specially, with conclusions of law, to which an exception was taken. It is assigned for error, that the court erred in its conclusions of law. The special findings and conclusions of law are as follows:

"Be it remembered that the above cause, coming on to be heard, was, by agreement of parties, submitted to the court for trial; and the court, having heard all the evidence, and being sufficiently advised, at the request of the defendants, does make a special finding of the facts in the case, and its conclusions of law therefrom, as follows:

"The court finds specially that the forty-acre tract of land mentioned and described in the complaint as belonging to Joseph Huston, was, on the 31st day of December, 1871, conveyed to him by the then owner thereof, one John Richardson, without any consideration whatever, which convey-ance was so made by said Richardson to said Huston for the purpose of defrauding the creditors of the said Richardson, of which fraudulent intent the said Huston then and there had knowledge; that about three months after said transfer to said Huston by said Richardson, to wit, in March, 1872, said Huston's wife, Margaret, with the consent and at the request of her husband, and for the purpose of defrauding the creditors of the said Joseph Huston, bought said land of said Richardson, and paid for the same the sum and price of sixteen hundred dollars. After the purchase of said tract of land by her as aforesaid, she moved on and took possession of the same, in pursuance of her said purchase, with the con-sent of Richardson, who subsequently moved off, and has continued thereon ever since with her said husband. The court finds that the purchase of said tract of land by said Margaret was made for the purpose of defrauding the creditors of the said Joseph Huston, for a price unknown to the court.

"The court finds that said Joseph Huston was, at the date of the defendant Clark's execution, and still is, indebted in the sum of about five hundred dollars, and that he had not, at the date of said execution, and has not had since, any

property subject to execution, except the real estate above described, and one horse, of the value of seventy-five dollars, and one wagon of the value of twenty-five dollars; that said real estate is of the value of two thousand dollars; and that said Huston is a resident householder of Hamilton county, Indiana. The court further finds that all the matters set forth in the plaintiff's complaint, including the copies and exhibits thereto attached, and the officer's return thereon, are true as therein alleged, except as to the amount of personal property subject to execution owned by said Joseph Huston. And the court finds that the fee simple of the forty-acre tract of land above mentioned, and also described in the complaint, and referred to in the answer, was, on the 7th day of February, 1874, duly and legally sold by the Sheriff of Hamilton county, Indiana, for two hundred dollars, upon the execution of one P. P. Whitsell, which execution was issued upon a judgment against Joseph Huston in favor of said Whitsell, in the Hamilton Circuit Court, which judgment was a prior lien on said land to the defendant Clark's judgment and execution. The court finds further that the title to said lands is in litigation. The court further finds that after the sale on said Whitsell's judgment of the fee simple of said land, and after said Whitsell had received a sheriff's certificate for the same, said Clark abandoned his levy thereon, and finding no other property belonging to said Huston, subject to execution, and after demanding personal property of the plaintiff in this cause, and failing to find any subject to execution belonging to the plaintiff's decedent, thereupon directed the sheriff to levy upon the town lot mentioned and described in the complaint, which lot was subject to execution, and was proceeding to sell the same upon his said execution, when restrained by an order of the court made in this cause. And the court, as a conclusion of law from the foregoing facts, finds that the forty-acre tract of real estate, described in the complaint and mentioned in the finding, to wit, the southwest quarter, northwest quarter, section eight, township

eighteen, range six, east, in said county and state, was, at the date of the issuing of the defendant Clark's execution, the property of Joseph Huston, and subject to the lien of the same; and the court finds that the defendant Huston has no other property subject to execution; the pretended purchase thereof by said Margaret Huston was a nullity, said Richardson having no title thereto, and could convey none to her. That said land not having been sold for near its full value on said Whitsell's judgment, the defendant Clark is bound in law to first exhaust the same by levy and sale before going on to the property of the plaintiff's decedent, who was replevin bail. To which conclusion of law the defendants at the time objected and excepted.

"HARVEY CRAVENS, Judge."

The replevin bail is a surety merely, and is entitled to all the protection and immunity of other sureties. Hence, his property cannot be levied upon until the property of the principal, subject to levy and sale upon execution, has been exhausted. *Elson* v. *O'Dowd*, 40 Ind. 300. It becomes necessary, therefore, to inquire whether Huston, the principal judgment debtor, had, at the time the levy was made upon the property of the replevin bail, any property which was subject to levy and sale upon execution. It is obvious that, aside from the forty-acre tract of land conveyed to him by Richardson, he had no property that was subject to levy and sale upon execution. Did he acquire a valid title to such tract of land? It is found by the court that such land was conveyed to him by Richardson without any consideration moving from Huston, and for the purpose of defrauding the creditors of Richardson.

It is firmly settled by repeated decisions in this State, that a contract for the sale or conveyance of property, to hinder or delay creditors, is illegal as to creditors only. As between the parties, and as to all others than creditors, it is legal and valid, and can be enforced in all of its terms as any other contract. *Findley* v. *Cooley*, 1 Blackf. 262; S. C., Buskirk's Table of Cases, with cases cited as following it;

*Springer* v. *Drosch*, 32 Ind. 486; *Fouty* v. *Fouty*, 34 Ind. 433; *O'Neil* v. *Chandler*, 42 Ind. 471.

The conveyance from Richardson to Huston vested the title in the latter, subject to the right of the creditors of the former to have it divested and the property subjected to sale for the payment of their debts. We are not advised that the creditors of Richardson have ever complained of such illegal and fraudulent conveyance. The conveyance vested a fee simple in Huston, and subjected the land to levy and sale for the payment of his debts.

It is further found by the court, that subsequent to such conveyance, the wife of Huston purchased the said tract of land of said Richardson, and paid therefor the sum of one thousand six hundred dollars; that Richardson conveyed the same to Mrs. Huston, who had taken possession, with her husband, and had since occupied it; and that this sale and conveyance were for the purpose of defrauding the creditors of Huston. We are unable to see how this last conveyance could have been made for the purpose of defrauding the creditors of Huston, as Mrs. Huston paid in cash, of her own money, nearly the value of such land. But, however this may be, we think that Mrs. Huston acquired no title by such conveyance, for the plain and obvious reason that Richardson possessed no title to such land, he having conveyed the fee simple title to Huston. *Nichol* v. *McCalister*, 52 Ind. 586.

It is further found by the court, that the fee simple of the forty-acre tract of land above mentioned was, on the 7th day of February, 1874, duly and legally sold by the sheriff of Hamilton county, Indiana, for two hundred dollars, upon the execution of one P. P. Whitsell, which execution was issued upon a judgment against Joseph Huston, in favor of said Whitsell, in the Hamilton Circuit Court, which judgment was a prior lien on said land to the defendant Clark's judgment and execution.

The court finds, as a conclusion of law upon the above facts, that, said land not having been sold for near its full

value on said Whitsell's judgment, the defendant Clark is bound in law to first exhaust the same by levy and sale, before going on the property of the plaintiff's decedent, who was replevin bail.

We think the court erred in its conclusion of law. The land was sold upon an execution issued upon a judgment which was a prior lien. The court found it was "duly and legally sold." The title of Huston would be divested by the sheriff's sale and conveyance. There was nothing to sell. The only remedy was to redeem the land, and we do not think the judgment plaintiff was required to redeem the land and then subject it to sale, before he could proceed against the replevin bail. The execution plaintiff is required to exhaust the property of the judgment defendant, subject to sale upon execution, before he can proceed against the property of the replevin bail, but more than this he is not required to do. *Nunemacher* v. *Ingle,* 20 Ind. 135; *Niles* v. *Stillwagon,* 22 Ind. 143; *Elson* v. *O'Dowd,* 40 Ind. 300.

The property of Huston having been sold upon an execution issued upon a judgment which was a prior lien to the judgment in question, the replevin bail might have protected himself by redeeming the property from sale and compelling it to bring enough to satisfy both judgments. The judgment plaintiff might have done the same thing, but he was not required to do so before proceeding against the property of the replevin bail.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to dissolve the injunction, and to render a judgment for the appellants upon the special finding of facts.