# Haas *against* Evans.

If the jury be irregularly sworn by the inadvertence or fault of both parties and the verdict rendered without objection against two, one of whom had not appeared, this court will correct the irregularity without ordering another trial, where they can do it consistently with the merits.

ERROR to the Common Pleas of *Montgomery* county in which an action of ejectment was brought by Robert Evans against Sarah Haas and Hannah Hepler, and a verdict and judgment were rendered for the plaintiff for a portion of a lot containing 18 acres and 141 perches.   The facts of the case are sufficiently stated in the opinion of the court.

[Haas v. Evans.]

The case was argued by

*Freedley,* for the plaintiff in error, and
*Sterigere* and *Mallery,* contra.

The opinion of the Court was delivered by

SERGEANT, J.—There is nothing in this case which requires notice, except one point which arises on the pleadings and verdict. This ejectment was brought by Robert Evans against Sarah Haas and Hannah Hepler, and the writ was returned served on Sarah Haas alone and not on Hannah Hepler. The plaintiff declared against Sarah Haas alone, who pleaded not guilty. Afterwards the cause was called on for trial and the jury sworn to try the issue joined between Robert Evans, plaintiff, and Sarah Haas and Hannah Hepler, defendants, and the verdict and judgment were for the plaintiff for certain shares of the lot, and this is now assigned for error.

Unless the counsel be considered as appearing for both defendants and the verdict can thus be established, it is plain that the swearing of the jury and rendering a verdict against Hannah Hepler was irregular; and had the objection been made at the time and the court overruled it, we should be compelled to reverse the whole proceeding and send the parties back to another trial. But the appearance for both is disavowed, and the irregularity evidently took place from the inadvertence of the counsel, whose duty it was to see that the suit was conducted properly. The defendants' counsel may be considered as much in fault (if there be any fault at all) as the plaintiff's, in not having the jury sworn correctly, and if, as it would seem, there was no fault on either side, neither ought now to be allowed to take advantage of an accidental informality occasioned by their own inadvertence, if the judgment can be so modified as to do justice. The correction of the error can make no difference to Sarah Haas, for she is the real party, and on the merits the verdict was rightly against her, and the case ought not, if it can be avoided, to be unnecessarily sent back for another trial, in order to produce the same result: and as to Hannah Hepler, she will be relieved, if she be exempted from the consequences which might result to her by the rendering a judgment against her. This, we think, is called for by the justice of the case, and may be done by affirming the judgment as to Sarah Haas and reversing it as to Hannah Hepler, on the ground that as to her, by the inadvertence of all parties, the jury were irregularly sworn, and judgment rendered.

Judgment as to Sarah Haas affirmed, and as to Hannah Hepler reversed.