Nov. Term, 1859.

HENSICKER
v.
LAMBORN.

---

## HENSICKER and Wife *v.* LAMBORN and Wife.

A mortgagee may recover a judgment for his debt, and yet, under our statute, if he does not take out an execution, he may proceed to foreclose his mortgage.

*Thursday, December* 15.

APPEAL from the *Fountain* Court of Common Pleas.

WORDEN, J.— Complaint by the appellees against the appellants for the foreclosure of a mortgage. It is alleged in the complaint that the plaintiffs "obtained judgment at the *January* term, 1857, of said Court of Common Pleas, for the amount due upon the note secured by the aforesaid mortgage; but that no payment or satisfaction has been made of the same, and no execution has issued thereon."

Demurrer to the complaint overruled, and judgment of foreclosure entered.

The only question raised in the case is, whether a mort-

gagee, having recovered a judgment upon the debt secured by mortgage, and having taken out no execution upon his judgment, the same remaining unsatisfied, can proceed to foreclose his mortgage.

At common law, a mortgagee might prosecute concurrently or separately, an action of ejectment to recover possession of the land; an action at law to recover the debt; and a bill in chancery to foreclose the mortgage. *Vide* Perk. Pr. 645.

Our statutes have changed the law materially in this respect. Thus, by § 1. 2 R. S. p. 239, it is enacted that unless a mortgage specially provide that the mortgagee shall have possession of the mortgaged premises, he shall not be entitled to the same. By § 636, p. 176, it is provided that "the plaintiff shall not proceed to foreclose his mortgage while he is prosecuting any other action for the same debt or matter which is secured by the mortgage, or while he is seeking to obtain execution of any judgment in such other action; nor shall he prosecute any other action for the same matter, while he is foreclosing his mortgage, or prosecuting a judgment of foreclosure."

The letter of the foregoing section did not prevent the plaintiff, in the case at bar, from proceeding with his foreclosure, as he was not "prosecuting any other action," having already obtained his judgment, nor was he "seeking to obtain execution," having declined to take out execution. Keeping in view the principles of the common law, in respect to the remedies of a mortgagee, we are of opinion that the statute should not, by construction, be extended further than its terms import. Hence, it follows that a mortgagee having recovered a judgment for his debt, yet if he have taken out no execution, he may proceed to foreclose his mortgage. He cannot levy upon the mortgaged premises (§ 640), and the issuing of an execution might be entirely fruitless. There is nothing in the statute, or the principles of the common law, that would require him to have an execution issued and returned unsatisfied, before he can foreclose his mortgage.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. Ristine*, for the appellants.

*W. H. Mallory*, for the appellees.