Nov. Term,
1860.

JONES
v.
TINCHER.

*W. H. Mallory*, for appellant.

---

JONES and Another *v.* TINCHER and Another.

Suit upon a promissory note against principal and surety. The surety answered, that concurrently with the execution of the note, the payee had taken from the principal debtor a mortgage upon real estate, to secure the same; and asked that he be required to exhaust the mortgage security before taking out execution against him.

*Held*, that the plaintiff was entitled to judgment against both principal and surety, and could not be required first to exhaust the mortgage security.

*Held*, also, that the surety, having been compelled to pay the debt, might be subrogated to the plaintiff's rights under the mortgage.

Tuesday,
December 11.

APPEAL from the *Tippecanoe* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, brought this suit against *Howard* and *Jones*, upon a promissory note, for the payment of $1,395. *Howard* was called and regularly defaulted. *Jones* answered the complaint; alleging, in his answer, that he executed the note as *Howard's* security, and that on the day it was given, viz, *March* 20, 1858, the plain-

tiffs, to secure the payment of the note by *Howard*, the principal therein, took from him and his wife, *Jane Howard*, a mortgage on certain real property (describing it), which mortgage was executed and received concurrently with the execution of the note. And the defendant avers that *Howard* is utterly insolvent, and that without the security of the mortgage, he has no means that can be reached by execution, &c. Defendant therefore prays that the plaintiffs be required to make said *Jane Howard* a defendant, &c., and to proceed for the foreclosure of their mortgage, and to exhaust their remedies against *Howard* and wife upon the mortgage before execution shall be taken against this defendant, &c. Demurrer to the answer sustained, and final judgment given for the plaintiffs. The sustaining of the demurrer is the only error assigned on the record.

The appellants, in support of their answer, rely upon §§ 674, 675, and 676 of the Practice Act. These sections provide: 1. "When any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined upon the issue made by the parties at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceedings shall not affect the proceedings of the plaintiff. 2. If the finding upon such issue be in favor of the surety, the court shall make an order directing the sheriff to levy the execution first upon, and exhaust, the property of the principal, before a levy shall be made upon the property of the surety; and the clerk shall indorse a memorandum of the order on the execution. 3. When any person being surety in any undertaking whatever, has been or shall be compelled to pay any judgment or any part thereof, or shall make any payment which is applied upon such judgment, by reason of such suretyship, * * * the judgment shall not be discharged by such payment, but shall remain in force for the use of the person making such payment; and after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use." 2 R. S. 1852.

Nov. Term,
1860.

JONES
v.
TINCHER.

If the answer in this case could be deemed a complaint, having for its object the formation of an issue as to the suretyship of the defendant, it would be unobjectionable; because, such issue having been formed and determined in favor of the defendant, it would have been the duty of the Court under the statute to have made an order " directing the sheriff to levy upon, and first exhaust, the property of the principal before he levied on the property of the surety." But the appellee insists that the answer is defective, " because it sets up a bar to the plaintiff's right to a judgment on the note against both defendants." We concur in this position. Indeed, the statute provides expressly, that action on the complaint which it authorizes, "shall not affect the proceedings of the plaintiff." The answer then is objectionable, for the reason that it requires the plaintiffs to foreclose their mortgage and exhaust their remedies against the principal before judgment against the surety. This requirement is not within the purview of the statute. They were evidently entitled to a judgment against both principal and surety; and the former being insolvent and destitute of leviable property, they have the right by execution to subject the property of the latter to the discharge of the judgment, without proceeding to foreclose the mortgage. It may, however, be noted that the surety, having been compelled to pay the judgment, may be subrogated to the plaintiffs' rights under the mortgage. The ruling of the Court upon the demurrer is not in our opinion erroneous. Burge on Suretyship, 324, and authorities there cited. *Dennis* v. *Rider*, 2 McLean, 451.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Huff* and *Jones*, for appellants.

*H. W. Chase* and *J. A. Wilstach*, for appellees.