No. 7404.

GERBER v. SHARP.

SUBROGATION.—*Surety's Rights on Payment of Judgment.—Principal and Surety.*—Sureties, or those who stand in the situation of sureties for those for whom they pay a debt, are entitled to be subrogated to all the rights of the creditor as to any fund, lien or equity which he may have against any other person or property on account of such debt; and this right depends not upon contract, but upon principles of justice and equity.

SAME.—*Payment by Surety.*—Payment by one who stands in the relation of a surety, although it may extinguish the remedy, or discharge the security, as respects the creditor, has not that effect as between the principal debtor and the surety.

SAME.—*Mortgage.—Foreclosure.—Promissory Note.*—A. became surety for B. on a note to C. for part of the purchase-money of real estate, B. at the same time executing a note for the residue and a mortgage on such real estate to C. to secure the payment of both notes. Afterward, the former note being first due, C. recovered a judgment thereon against B. as principal and A. as surety. B. at that time being insolvent, A. paid the judgment in full, and brought suit to foreclose the mortgage for the amount paid by him on said judgment.

*Held,* that such suit could be maintained.

*Held,* also, that A. was entitled to be subrogated to all the rights of C. in such mortgage.

MORTGAGE.—*Priority of Notes Secured Thereby.*—A mortgage, securing several notes maturing at different dates, will be regarded as so many successive mortgages, having priority in the order of the maturity of said notes.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.

*D. Moss, R. R. Stephenson* and *W. S. Chastain*, for appellee.

HOWK, J.—The only question presented for the decision of this court, by the record of this cause and the error assigned thereon, is this: Does the appellant's complaint state facts sufficient to constitute a cause of action against the appellee, Julius C. Sharp?

The suit was brought by the appellant against the appellee, Sharp, and Jacob Rudy, Susan Rudy, Ezra H. Rudy and John W. Taylor, as defendants. The appellee separately demurred to the complaint for the alleged insufficiency of facts therein to constitute a cause of action against him, which demurrer was sustained by the court, and to this ruling the appellant excepted. Thereupon the court rendered judgment that, as to the appellee, the appellant should take nothing by his suit, and against the latter for the appellee's costs. It is from this separate judgment that this appeal is prosecuted. What became of the suit as against the other defendants, the record before this court does not disclose.

In his complaint the appellant alleged, in substance, that, on the 3d day of November, 1876, the appellee, Sharp, sold and conveyed to the defendant Jacob Rudy the real estate in Hamilton county, Indiana, particularly described in said complaint; that, on the day last named, for a part of the purchase-money of said real estate, to wit, three hundred dollars, the said Jacob Rudy gave his note, with the appellant and said Ezra H. Rudy as his sureties therein, due in fifty-eight days after the date thereof; that, on the same

day, the said Jacob Rudy and Susan Rudy, for the residue
of the unpaid purchase-money of said real estate, to wit, five
hundred dollars, gave their note, due January 1st, 1878,
both of which notes were payable to the appellee, Julius C.
Sharp; that, on the same day, the said Jacob Rudy and
Susan Rudy mortgaged the said real estate to the appellee
to secure the payment of both said notes, which mortgage
was duly recorded in the recorder's office of said Hamilton
county; that, in a certain action in the Hamilton Circuit
Court, at its April term, 1877, wherein the defendant John
W. Taylor and said Julius C. Sharp were plaintiffs, and the
said Jacob Rudy, Ezra H. Rudy and the appellant, David
Gerber, were defendants, brought on the note first above
described, such proceedings were had as that, on the 18th
day of May, 1877, the court rendered judgment on said
note in favor of said Taylor and Sharp, against said Jacob
Rudy as principal, and said David Gerber and Ezra H.
Rudy as sureties, for the sum of $310.85, the principal and
interest then due on said note, and for the further sum of
$16.45, the costs of suit; that, at the date of said judgment,
the said Jacob Rudy and Ezra H. Rudy were, and since have
been, insolvent, and own no property subject to execution;
that, on the 27th day of October, 1877, the appellant, as
such surety, was compelled to, and did, pay the sum of
$340.11, in full satisfaction of said judgment, so rendered on
said note first described and secured by said mortgage;
that the appellee, Sharp, was made a defendant to this suit
to answer as to any interest he might claim in said real es-
tate, by virtue of said mortgage or otherwise, as against the
appellant; that the said John W. Taylor was made a de-
fendant in this action to answer as to any interest he might
claim in said real estate, by virtue of any assignment of
said notes or mortgage to him; and that said Ezra H. Rudy
was made a defendant to answer as to any interest he might
claim in the action. Wherefore the appellant said, that, by

virtue of the payment by him, as surety, of said judgment so rendered on said note, secured by said mortgage, he had become, and then was, subrogated to the rights of said mortgagee and his assignee in said mortgage and the debt secured thereby, and: was entitled to have the·same foreclosed by the court for his benefit, and therefore he demanded judgment against said defendants Jacob Rudy and Era H. Rudy for five hundred dollars, and the foreclosure of said mortgage against all the defendants, and the sale of said property, or of so much thereof as might be sufficient to pay and discharge the appellant's claim, and for all other proper relief.

We regret that the appellee and his counsel have failed to furnish this court with any brief of this cause, or to inform us of the grounds of the decision of the circuit court, of which the appellant complains, or to sustain that decision, if it can be done, by argument and authority. It is ·hardly fair, either to the circuit court or to this court, for the appellee and his counsel to submit the judgment and rulings of the trial court to our decision without any information as to the grounds thereof, or any argument or citation of authorities in their support.

We are of the opinion that the court erred in sustaining the appellee's demurrer to the appellant's complaint in this cause. The appellant had become, by reason of his payment of the judgment rendered on the note first described in the complaint, as the surety of said Jacob Rudy thereon, clearly entitled to be subrogated to all the rights of the appellee, as the payee of the note, in the mortgage executed to him to secure the payment of such note. In *Eddy* v. *Traver*, 6 Paige, 521, it was said: "It is an established principle of equity that sureties, or those who stand in the situation of sureties for those who pay a debt for them, are entitled to stand in the place of the creditor, or to be subrogated to all his rights as to any fund, lien or equity

which he may have against any other person or property on account of the debt." In *Jones* v. *Tincher*, 15 Ind. 308, this court said : "It may, however, be noted that the surety, having .been compelled to pay the judgment, may be subrogated to the plaintiffs' rights under the mortgage." In 1 White & Tudor's Leading Cases in Equity, 4th Am. ed., pp. 136, 137, the equitable doctrine of subrogation is thus stated :

"Moreover, as soon as the surety has paid the debt, an equity arises in his favor to have all the securities, original and collateral, which the creditor holds against the person or property of the principal debtor, transferred to him, and to avail himself of them as fully as the creditor could have done : for the purpose of obtaining indemnity from the principal, he is considered as at once .subrogated to all the rights, remedies and securities of the creditor ; as substituted in the place of the creditor, and entitled to enforce all his liens, priorities and means of payment, as against the principal, and to have the benefit even of securities that were given without his knowledge.  *  *  *  'This right of the surety,' says Chancellor Kent, in *Hayes* v. *Ward*, 4 Johns. Ch. 123, 130, 'stands not upon contract, but upon the same principle of natural justice, upon which one surety is entitled to contribution from another :' and the same thing is said in 1 Comst. 599, 600. Payment by one who stands in the relation of a surety, although it may extinguish the remedy, or discharge the security, as respects the creditor, has not that effect as between the principal debtor and the surety. As between them, it is in the nature of a purchase by the surety from the debtor ; it operates [as] an assignment in equity of the debt and of all legal proceedings upon it, and gives a right in equity to call for an assignment of all securities ; and, in favor of the surety, the debt and all its obligations and incidents, are considered as still subsisting." And see the authorities there cited.

This equitable right of subrogation, thus enunciated, has been accepted and approved by almost all the courts of last resort in this country, both state and federal, and it has been uniformly recognized and acted upon, by this court, whenever the question has been presented for decision. *Spray* v. *Rodman*, 43 Ind. 225 ; *Muir* v. *Berkshire*, 52 Ind. 149 ; *Josselyn* v. *Edwards*, 57 Ind. 212 ; and *Manford* v. *Firth*, 68 Ind. 83.

One other point is discussed by the appellant's counsel, and that is in regard to the right of priority of the two notes described in the complaint, as between themselves. It will be observed from our summary of the complaint, that the two notes were of even date, but that the note on which the appellant was surety was payable fifty-eight days after date, while the other note did not become due for more than a year after its date. The rule in such a case was thus declared by this court, in *The State Bank* v. *Tweedy*, 8 Blackf. 447 : "The different instalments in a mortgage, when secured by corresponding notes, may be regarded as so many successive mortgages, each having priority according to its time of becoming payable." This rule has since been approved and acted upon by this court whenever such a case has been presented. *Minor* v. *Hill*, 58 Ind. 176 ; *The Peoples Savings Bank* v. *Finney*, 63 Ind. 460*; *Doss* v. *Ditmar's*, 70 Ind. 451.

Upon the whole case, we think that the appellant's complaint stated facts sufficient to constitute a cause of action against the appellee.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Petition for a rehearing overruled.