Vert *v.* Voss *et al.*

———————•◦•———————

No. 7096.

## VERT *v.* VOSS ET AL.

PRACTICE.—*Harmless Error.—Answer.—Demurrer.*—The overruling of a demurrer to a bad answer to an insufficient complaint is not such error as will justify or authorize a reversal of the judgment.

SAME.—*Insufficient Answer to Insufficient Complaint.*—A bad answer is a sufficient answer to an insufficient complaint, and such complaint will not support a judgment thereon.

Vert *v.* Voss *et al.*

REPLEVIN BAIL.—*Subrogation.*—*Principal and Surety.*—The rule, that where a surety, such as replevin bail, has been compelled to pay the debt of his principal, for which the creditor holds other security, such surety will be subrogated to the creditor's rights in such other security for his reimbursement, is applicable only where the surety or replevin bail has paid the whole debt covered by the security held by the creditor, or where it appears that the residue of the debt, not paid by such surety or bail, has been otherwise fully paid.

SAME.—*Judgment.*—*Mortgage.*—*Payment.*—Where the judgment on which a replevin bail was liable had been rendered on one of several promissory notes, all of which were secured by mortgage on real estate, and some of which were not due at the rendition of the judgment, the payment of such judgment by the replevin bail would not entitle him to be subrogated to the rights of the judgment creditor.

From the Hamilton Circuit Court.

*D. Moss* and *R. S. Losey*, for appellant.

*G. H. Voss*, for appellees.

HOWK, J.—This was a suit by the appellant against the appellees, in a complaint of a single paragraph, wherein he alleged, in substance, that on the 13th day of January, 1874, the appellees, Oliver P. Rooker and America Rooker, purchased of their co-appellee, Peter Cloud, three parcels of real estate, particularly described, in Hamilton county, Indiana; that, on the same day, the said Peter Cloud conveyed the said real estate to said Oliver P. and America Rooker, then husband and wife, as joint tenants; that, for a part of the purchase-money of said real estate, the said Oliver P. Rooker executed to said Peter Cloud his five promissory notes, all dated January 7th, 1873, for the sum of $1,500.00 each, and payable respectively in one, two, three, four and five years after date, with six per cent. interest from date, and waiving valuation laws; that afterward, on January 17th, 1874, said Oliver P. and America Rooker executed to said Cloud a mortgage on all said real estate to secure the payment of said notes; that afterward, on the 5th day of March, 1875, the said Peter Cloud, by the consideration of the Hamilton Circuit Court, recovered a judgment against

said Oliver P. Rooker, on the second of the said notes, for the sum of $1,694.25, and costs of suit, úpon which said judgment the appellant, on the 24th day of March, 1875, became replevin bail in due form of law; that afterward, on September 8th, 1875, the said Oliver P. and America Rooker bargained and sold to one Samuel P. Rooker a certain portion, particularly described, of the mortgaged real estate, which said portion was of the value of $2,000.00, and that the said Peter Cloud, on September 9th, 1875, at the request of the said Rookers, and without the appellant's knowledge or consent, released the said portion of said real estate from the lien of said mortgage, and thereby defrauded the appellant of the right and privilege of paying off said judgment, as such replevin bail, and being subrogated to all the rights of said Cloud in said mortgage and in the foreclosure thereof; by means whereof the appellant became and was released from all liability as replevin bail for said Oliver P. Rooker.

And the appellant further said that the said Cloud afterward sued the said Oliver P. and America Rooker on the last three notes secured by said mortgage, in said court, and by the consideration thereof, at its February term, 1876, recovered judgment for the sums due and to become due, and for the foreclosure of said mortgage; that, since said judgment, the said Cloud had caused the said real estate to be sold under said foreclosure by the sheriff of said county, and bid the same in for the sum of $1,371.55; that afterward, on the 4th day of September, 1876, the said Cloud assigned his certificate of purchase under said foreclosure sale and his said judgments, to the appellee Voss, who purchased the same with full knowledge of all the aforesaid facts; that the said Oliver P. Rooker and wife were wholly and notoriously insolvent, and had no property out of which the judgment, on which the appellant became replevin bail, could be satisfied in whole or in part.

Wherefore the appellant asked that, by the judgment of the court, he might be released from all liability as replevin bail, on the first described judgment, and for other proper relief.

The appellee Voss separately answered in three special paragraphs, to each of which the appellant's demurrer, for the want of facts, was overruled by the court, and to each of these rulings he excepted. The cause having been put at issue, the trial thereof by a jury resulted in a general verdict for the appellees, the defendants below.

The appellant's motion "for a judgment in his favor, on his complaint herein, notwithstanding the verdict of the jury," was overruled by the court, and his exception was duly entered to this decision ; and, over his motion for a new trial and exception saved, judgment was rendered against him on the general verdict for the appellees' costs.

In this court the appellant assigned as errors the following decisions of the circuit court :

1. In overruling his demurrers to the first, second and third paragraphs of the separate answer of the appellee Voss ;

2. In overruling his motion for a judgment in his favor, on his complaint, *non obstante veredicto;* and,

3. In overruling his motion for a new trial.

The second alleged error, namely, the overruling of the appellant's motion for a judgment in his favor, on his complaint, notwithstanding the verdict of the jury, is the one chiefly relied upon by the appellant's counsel, in argument, for the reversal of the judgment. Counsel say : "It is insisted that, in overruling this motion, the court below committed an error, for which the judgment in this case should be reversed, with instructions to sustain the motion. * * * * The sufficiency of the complaint was not questioned by demurrer. It is evidently sufficient. The mortgagee consented to the conveyance of the 28½ acres, and released his mortgage."

On the other hand, the appellee's counsel claims that the facts stated in the appellant's complaint were not sufficient

to constitute a cause of action in his favor, and that, for this reason, the court committed no available error, either in overruling his demurrers to the several paragraphs of answer, or in overruling his motion for a judgment in his favor, on his complaint, *non obstante veredicto*. If the complaint did not state a cause of action, it is certain that the court did not err in overruling the appellant's motion for a judgment thereon, and it is equally certain, as it seems to us, that, in overruling a demurrer to a bad answer to an insufficient complaint, no such error would be committed as would justify or authorize a reversal of the judgment. A bad answer is a sufficient answer to an insufficient complaint, and such a complaint will not support a judgment thereon.

The appellant's cause of action, as stated in his complaint, in the case at bar, was founded upon his alleged right of subrogation, by paying off the judgment on which he was replevin bail, to all the rights of the judgment plaintiff, Peter Cloud, in the mortgage described in said complaint. It is manifest that if, under the law, the appellant could not acquire such right of subrogation by paying off said judgment, his supposed cause of action would be wholly unfounded and would not sustain the judgment sought for. Ordinarily, the rule seems to be well settled, as well by the decisions of this court as by those of the courts of last resort in most of the States of the Union, that where a surety, such as replevin-bail, has been compelled to pay the debt of his principal, for which the creditor holds other security, such surety will at once, by such payment, be subrogated to the creditor's rights in such other security, for his reimbursement. *Gerber* v. *Sharp*, 72 Ind. 553, and authorities cited. But this rule is applicable only where the surety, or replevin bail, has paid the whole debt covered by the security held by the creditor, or where it appears that the residue of the debt, not paid by such surety or bail, has been otherwise fully paid.

In the case now before us, it will be seen from the com-

plaint, a summary of which we have heretofore given, that the judgment, on which the appellant had become liable as replevin bail, was rendered on one of five promissory notes, all of which were covered and secured by the same mortgage on real estate, and three of which were not yet due, at the time of the rendition of said judgment. In such a case, it is certain that the payment of the judgment by the appellant, as such replevin bail, would not entitle him to be subrogated to the rights of the judgment creditor in the mortgage security; and in his complaint he asserted no other claim to such subrogation, except such as would arise from his payment of said judgment. *Zook* v. *Clemmer*, 44 Ind. 15, and cases there cited.

We are of the opinion that the facts stated in the complaint were wholly insufficient to show that the appellant was entitled to be subrogated to the rights of the judgment creditor in the mortgage security, or that he was in any manner damnified by the alleged release of a part of the mortgaged premises from the lien of the mortgage. His complaint did not state a cause of action, in his behalf, against the appellees or either of them, and, therefore, the court committed no available error in overruling his demurrers to appellees' answers, or his motion for a judgment in his favor, on his complaint, *non obstante veredicto*.

In their argument of this cause, in this court, the appellant's counsel have not even alluded to the alleged error of the trial court, in overruling the motion for a new trial. This supposed error must therefore, under the settled practice of this court be regarded as waived.

The judgment is affirmed, at the appellant's costs.