## SCOTT RICE v. BENTON Q. MORRIS ET AL.

*Rule of Subrogation.*—Where a surety is compelled to pay a debt for which the creditor holds other security, he is thereby subrogated to the rights of the creditor in such security, for his reimbursement; but this rule is only applicable where the surety pays the entire debt, or where the balance of the debt not paid by the surety has been otherwise paid in full. And this rule is herein applied to a replevin bail and a mortgage.

Filed May 23, 1881.

Appeal from Kosciusko Circuit Court.

Frazer & Frazer, for appellants, cited 3 Kent, 124; 1 Story Eq. sec. 499; *Heeg* v. *Weigand*, 33 Ind. 289, as to subrogation of surety.

Hiram S. Biggs, for appellees, cited *Zook* v. *Clemmer*, 44 Ind. 15, as to false representations as a defense to a note.

Opinion of the court by Mr. Justice Niblack.

This was a suit by Scott Rice, as the assignee by delivery only, against Benton Q. Morris, Isaiah J. Morris and Andrew J. Bates, upon a promissory note executed on the 21st day of March, 1874, for $564, and payable to the order of the Bank of Middleport, in the State of Ohio, four months after date.

Bates answered, setting up his suretyship on the note, as to which there was no controversy. The other two defendants answered in three paragraphs.

The first charged that the plaintiff held five promissory notes of $900 each against one Barnes, all dated the 16th day of November, 1872, and due at different times, which were secured by a chat-

tel mortgage on certain personal property situate in the counties of
Wabash and Huntington, respectively; that the plaintiff had ob-
tained judgment against Barnes in the Wabash Circuit Court, on
the note first due, for the sum of $575.52, and a decree of fore-
closure on the mortgaged property situate in Wabash county, which
judgment the plaintiff had assigned to one Keys; that the plaintiff
afterwards sold the remaining notes and the mortgage given to se-
cure them, as above stated, to the said defendants, Morris and Mor-
ris, and assigned said notes and mortgage to the said Isaiah J.
Morris by an indorsement in writing on the mortgage; that the
consideration for the sale and assignment of said notes and mort-
gage was the payment to the plaintiff the sum of $1,486 in
money and the execution and delivery of the note sued on; that
the mortgaged property situate in Huntington county did not ex-
ceed the sum of $1,000 in value, and that all of said mortgaged
property was not worth more than $2,050 that the plaintiff
falsely represented to the defendants, Morris and Morris, that the
judgment in the Wabash Circuit Court against Barnes on the first
note was a personal judgment only, and not a judgment of fore-
closure; that execution had been stayed thereon by the entry of
replevin bail, and that such judgment was not a lien on any of the
mortgaged property, and that such property was free from all in-
cumbrances except to secure the payment of the remaining notes,
of which the defendants, Morris and Morris, became the purchas-
ers, as above set forth; that the defendants, Morris and Morris,
were ignorant of the character and condition of said judgment, and
relied on the representations of the plaintiff, which were in fact
false; that said defendants were compelled to pay, and did pay, on
said judgment the sum of $756 to obtain the release of the mort-
gaged property in Wabash county from sale thereon; that the notes
against Barnes purchased by said defendants remained unpaid,
Barnes being insolvent. Wherefore, it was averred that the con-
sideration of the note in suit had failed.

The second paragraph was substantially the same as the first,
except that it charged that the judgment of foreclosure in the
Wabash Circuit Court was upon all the mortgaged property and
that the defendants, Morris and Morris, had to pay the sum of $550
to obtain the release of such property from sale.

The third paragraph was but a repetition in a different form of the facts which had already been charged, either in the first or second paragraph.

The plaintiff severally demurred to each of the paragraphs of the answer of Morris and Morris, set out as above, but his demurrers were overruled as to all of the paragraphs. Issue being joined a trial resulted in a verdict and judgment for the defendants.

The only question presented by this appeal is, were the several paragraphs of the answer of Morris and Morris sufficient upon demurrer?

The appellant contends that the representation that the judgment in the Wabash Circuit Court against Barnes was a personal judgment only, was an immaterial representation, because if it had been only a personal judgment and the replevin bail should have had to pay it, they would have been subrogated to an interest in the mortgage for their re-imbursement, and that hence, in any event, the mortgage would have remained as a security for the payment of that judgment.

It is a well settled rule that where a surety is compelled to pay a debt for which the creditor holds other security, he is thereby subrogated to the right of the creditor in such other security for his re-imbursement, but this court has held in the case of *Zook* v. *Clemmer*, 44 Ind. 15, that this rule is only applicable where the surety pays the entire debt, or where the balance of the debt not paid by the surety has been otherwise paid in full. If in this case the judgment in the Wabash Circuit Court had been only a personal judgment, the entry of replevin bail would have afforded the appellant additional and independent security in the collection of the judgment.

If this were not so, the only effect of the entry of replevin bail would have been to have delayed the issuing of execution on the judgment, thus resulting in an absolute injury, instead of a benefit, to the appellant.

In such a case we think the replevin bail would have only been entitled to subrogation to the rights of the appellees, Morris and Morris, in the mortgage upon full payment of all the indebtedness which it was executed to secure, or to an interest in any surplus which might have remained after the notes purchased by the said Morris and Morris had been paid.

Morris and Morris, being the holders of the legal title to the mortgage, were entitled to preference over all others not having some prior equity in the mortgaged property.

We are of the opinion that the representation that the judgment in the Wabash Circuit Court was a personal judgment only, was a material representation, and that the court below did not err in overruling the demurrers to the several paragraphs of the answer of Morris and Morris.

This case must be distinguished from the case of *Geiber* v. *Sharpe*, decided at the last term, as in that case Geiber was surety on the first note which the mortgage was given to secure.

The judgment is affirmed with costs.